lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) No. 07-40031-01-JAR |
| **DONNELL FRANCIS TIMLEY,** | ) |
| Defendant. | ) |

## MEMORANDUM ORDER AND OPINION

This matter is before the Court on several pretrial motions filed by defendant: Motion to Suppress (Doc. 27); Motion to Suppress Identification (Doc. 28); Motion to Compel Discovery Regarding Informant (Doc. 29); and Motion for Discovery (Doc. 30). An evidentiary hearing was held July 13, 2007, at which time the Court took the matters under advisement. After considering the arguments and evidence presented at the hearing, as well as the parties' submissions, the Court is prepared to rule.

**I.    Background**

Defendant is charged with one count of possession with intent to distribute 74 grams of crack cocaine and one count of possession with intent to distribute 114 grams of marijuana. On April 3, 2007, a search warrant was issued for defendant's residence in Topeka, based on an affidavit submitted by Deputy Bryan L. Clemmons with the Shawnee County Sheriff's Office. Deputy Clemmons related that in September 2006, a confidential informant made two controlled

purchases of marijuana from a person later identified as defendant.  Deputy Clemmons further stated that, following the alleged buys, he determined that defendant lived at a residence other than the place where the alleged buys occurred.  Deputy Clemmons further stated in his affidavit that on March 30, 2007, he seized trash from the alley behind the address to be searched, which was defendant's residence.  The trash contained what was alleged to be marijuana seeds and stems and cocaine residue as well as approximately 30 baggies with the corners cut off.

## II.     Discussion

### A.     Motion to Suppress Evidence

Defendant moves to suppress all items seized from his residence on April 4, 2007, based on the invalidity of the search warrant.  Defendant raises four issues with respect to the warrant: unlawful seizure of the trash evidence, inadequate nexus, staleness and overbreadth of the warrant.  The government avers that the evidence found in the trash is key to the validity of the warrant.  Without the trash pulls, the government concedes that there is insufficient evidence for the issuance of a warrant in the form shown.  Conversely, the government argues, if the trash evidence is admissible, the staleness and nexus arguments are reduced to a nullity.

Reviewing courts give "great deference" to the issuing magistrate's determination of probable cause.[1]  The court's duty is to ensure that the issuing magistrate had a "substantial basis" for concluding that the affidavit in support of the search warrant established probable cause.[2]  "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair

---

[1] *United States v. Finnigin*, 113 F.3d 1182, 1185 (10th Cir. 1997).

[2] *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

probability that contraband or evidence of a crime will be found in a particular place."[3] The test is whether the facts presented in the affidavit would "warrant a man of reasonable caution" to believe that evidence of a crime will be found at the place to be searched.[4] Thus, only a probability and not a prima facie showing is the standard for probable cause.[5]

### *Trash Pull*

Defendant contends that his Fourth Amendment rights were violated when Deputy Clemmons searched his trash for evidence of crime. Deputy Clemmons testified that Friday, the day he pulled defendant's trash, was the normal pick-up day in defendant's neighborhood. The deputy testified that defendant's trash was in a receptacle in the alley behind the residence, and not on the curtilage of the house. The alley was accessible by vehicles. Deputy Clemmons seized three bags—two inside the dumpster and one off the ground. Deputy Clemmons searched the trash and found a bank statement addressed to defendant's wife. He also found marijuana seeds and stems and approximately 30 baggies with the corners removed. This evidence was used to secure the search warrant of defendant's residence.

In determining whether an officer's conduct violated the Fourth Amendment, the Tenth Circuit first considers whether the trash bags were within the curtilage of the home. If they were not, then no Fourth Amendment violation occurred.[6] "Curtilage is the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life."[7] To

---

[3]*Id.*

[4]*Id.* (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

[5]*Id.* (citing *Gates*, 462 U.S. at 235).

[6]*United States v. Long*, 176 F.3d 1304, 1307 (10th Cir. 1999).

[7]*Oliver v. United States*, 466 U.S. 170, 180 (1984).

determine whether an area falls within the home's curtilage, the Tenth Circuit considers four factors: "(1) the proximity of the area to the home; (2) inclusion of the area within an enclosure surrounding the home; (3) the nature of the uses of the area; and (4) steps taken by the resident to protect the area from observation and persons passing by."[8]

Based on the uncontroverted testimony of Deputy Clemmons, the Court finds that the trash was outside the curtilage of defendant's residence. The Supreme Court addressed similar facts in *California v. Greenwood*.[9] In that case, the defendant had placed his trash at curbside for collection; a trash collector picked up the trash and turned the bags over to the police.[10] A search of the bags revealed evidence of drug activity, which officers used to search the defendant's residence.[11] In affirming the constitutionality of the search, the Court explained:

> Moreover, respondents placed their refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through respondents' trash or permitted others, such as the police, to do so. Accordingly, having deposited their garbage "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it, respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded."[12]

Likewise, defendant in this case had no expectation of privacy in the trash that he put in the alley outside his residence on trash day.

***Nexus***

---

[8]*Long*, 176 F.3d at 1308 (citing *United States v. Dunn*, 480 U.S. 294, 301 (1987)).

[9]486 U.S. 35 (1988).

[10]*Id*. at 37.

[11]*Id*. at 38.

[12]*Id*. at 40-41.

4

Defendant argues that there was an insufficient basis for a finding of probable cause to believe that contraband or an instrumentality of crime would be found at the location to be searched. The two alleged controlled buys that occurred six months prior to issuance of the warrant were not conducted at the residence to be searched, and the officers had determined that defendant lived at a residence different from the one for which the warrant was issued. The only possible alleged evidence of criminal activity occurring at the place to be searched was Deputy Clemmons' seizure of trash. Defendant asserts that the location of the trash that was seized was such that anyone passing through the alley could have placed the marijuana stems and seeds and cocaine residue in the trash. Defendant contends that this alleged evidence is not enough to save the search warrant.

Probable cause to search a location does not depend on direct evidence or personal knowledge that evidence or contraband is located there.[13] The affidavit need not aver that criminal activity actually occurred in that location.[14] It is enough when the affidavit establishes a "nexus between the objects to be seized and the place to be searched" from which "a person of reasonable caution" would "believe that the articles sought would be found" there.[15] This nexus "may be established through . . . normal inferences as to where the articles sought would be located."[16]

Defendant's argument that anyone passing down the alley might have placed the drug-

---

[13]*United States v. Hargus*, 128 F.3d 1358, 1362 (10th Cir. 1997), *cert. denied*, 523 U.S. 1079 (1998).

[14]*See United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 874 (10th Cir. 1992).

[15]*Hargus*, 128 F.3d at 1362.

[16]*United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982).

5

related items in the trash is belied by the fact that they would have had to open the trash bags to have done so. The Court finds that the statements in the affidavit show that defendant was packaging drugs inside the residence, consistent with the method of operation shown in the previous drug buys, that is, use of plastic baggies with the corners missing. The nexus between the trash bags and defendant is the bank statement found in the trash addressed to defendant's wife.

### *Timeliness of the Information*

Defendant complains that the information in the affidavit was "stale," as the affidavit alleged that two controlled sales of marijuana had occurred over six months before the issuance of the search warrant. "Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized."[17] Where the offense in question is ongoing and continuing, the passage of time is not of critical importance when considering "staleness" claims in search warrant applications.[18]

In this case, defendant was suspected of continuous and ongoing drug activity. First, as detailed in the affidavit, defendant has a history of drug arrests and convictions dating back to 1993 and continuing until 2006. Next, defendant carried that conduct forward into 2006, with two controlled buys of drugs. The drugs in these buys were also packaged in torn-off plastic baggie corners. Finally, the trash pull reveals current information about drug dealing and abuse. As discussed above, the contents of the trash bags show that the trash came from defendant's residence and that drug dealing and consumption were presently going on in the residence. The

---

[17]*United States v. Mathis*, 357 F.3d 1200, 1207 (10th Cir. 2004) (citing *United States v. Snow*, 919 F.2d 1458, 1460 (10th Cir. 1990) (quotation omitted)).

[18]*Id.*

Court finds especially significant the discovery of thirty plastic baggies with the corners missing, consistent with current drug packaging in the house and consistent with the method of operation shown in the 2006 controlled buys. All of this evidence shows a continuing course of conduct.

*Particularity*

The Fourth Amendment requires that warrants describe both the place to be searched and the things to be seized with particularity.[19] The search should be "confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause."[20] Defendant contends that the following language in the warrant renders it unconstitutionally broad:

> Any documents, letters or records indicating computer hardware, i.e. hard drives computers files attached to and or on disks.  Any security equipment i.e. cameras, monitors, and or warning devices, and firearms.  Any documents letters or records indicating ownership of real estate, bank accounts, vehicles, firearms, weapons, and/or other property from residence and storage buildings.

The government concedes that this paragraph is overbroad, but argues that this portion of the warrant is severable under the analysis of *United States v. LeBron*,[21] where the Eighth Circuit held that where a warrant contains both specific as well as unconstitutionally broad language, the broad portion may be redacted and the balance of the warrant considered valid.[22] The Court finds the appropriate remedy is to strike the offending paragraph. The balance of the warrant is

---

[19]*United States v. Brown*, 984 F.2d 1074, 1077 (10th Cir. 1993) (citing *Stanford v. Texas*, 379 U.S. 476, 485 (1965)).

[20]*Id*. (quoting *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir. 1985)).

[21]729 F.2d 533 (8th Cir. 1984).

[22]*Id*. at 537 n.2 (quotation omitted). *Accord Brown*, 984 F.2d at 1077-78.

valid. Defendant's motion to suppress evidence is denied.

### B.     Motion to Suppress Identification

Defendant moves to suppress any out-of-court identification, and any in-court identification, by the confidential informant, based on an overly suggestive photographic lineup procedure. Defendant urges the Court to consider the five *Neil* factors to determine whether or not to allow the identification: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.[23]

The government responds that it does not plan to present the testimony of the confidential informant at trial, since the charges deal with the possession of the drugs on the date of the search warrant. Thus, at this stage of the proceedings, the motion is denied as moot.

### C.     Motion to Compel Discovery Regarding Informant

Defendant seeks an order compelling the government to provide information about the confidential informant, including the informant's full name and address as well as any prior record, promised immunities or agreements, evidence of psychiatric treatment or drug addiction, any payments or other consideration made, recorded communication between the informant and agents, whether the informant took a polygraph and any results, the extent of the informant's work in other cases, and any other informants used in this case. Counsel for defendant conveyed to the Court that this information was relevant and that she would keep the informant's identity from defendant, who is incarcerated.

---

[23]*Neil v. Biggers*, 409 U.S. 188, 193 (1972).

The government has the privilege to withhold from disclosure the identities of persons who provide law enforcement officers with information concerning violations of the law.[24] The privilege's purpose is to further and protect the public interest in effective law enforcement.[25] The privilege is not unlimited, however; where the disclosure of an informant's identity is relevant and helpful to an accused's defense or essential to a fair determination of a cause, the privilege gives way and disclosure is required.[26]

There is no fixed rule as to when disclosure of an informant's identity is required.[27] Disclosure is not required where the information sought from the informer would be merely cumulative or where the informant is not a participant in or witness to the crime charged.[28] The two central factors in the balance are the informant's level of participation in the illegal activity for which the criminal charges are brought and the probative value of the informant's probable testimony.[29] Thus, the oft-stated rule is that disclosure is not required when the confidential informant did not participate in the illegal activity and the informant's probable testimony would be cumulative.[30] "When the informant's role was nothing more than a mere tipster, 'disclosure is required only in the exceptional case where it is vital to a fair trial.'"[31] A defendant seeking

---

[24] *United States v. Mendoza*, Case no. 05-2054, 2007 WL 1575985, at *14 (10th Cir. June 1, 2007) (citing *Rovario v. United States*, 353 U.S. 53, 59 (1957)).

[25] *Id*.

[26] *Id*. at *15 (citation omitted).

[27] *Id*.

[28] *Id*. (citing *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990)).

[29] *United States v. Wilson*, 899 F. Supp. 521, 523 (D. Kan. 1995) (citation omitted).

[30] *Id*. (citation omitted).

[31] *Id*. (quoting *United States v. Lewis*, 40 F.3d 1325, 1335 (1st Cir. 1994) (citation omitted)).

disclosure of a confidential informant's identity bears the burden of showing a need for such disclosure.[32]

In this case, the confidential informant is neither a participant in nor a percipient witness at the time of the execution of the search warrant. Instead, he was a witness to the two previous controlled buys, rather than the evidence gathered during the trash pulls. The charges against defendant deal with the possession of the drugs on the date of the search warrant, not the two previous controlled buys. At most, the informant was a mere "tipster."[33] Moreover, the government has represented that because the deputy in charge of the investigation is concerned about the informant's safety, the government will not call the informant as a witness. Defendant's motion is denied.

### D. Motion for Discovery

Defendant requests the government provide the following: (1) copies of recorded phone calls and tapes from the body wire worn by the informant; (2) copies of the informant's notes that he or she made after each alleged controlled buy; (3) results of the DNA test; and (4) a copy of the video tape of the search of defendant's residence.

The Court grants defendant's motion in part, and directs the government to provide defense counsel a copy of the video and any DNA test results, if available. The Court denies defendant's motion with respect to the other requested items, in accordance with its ruling denying defendant's request to reveal the identity of the confidential informant.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to

---

[32]*Id.* (citing *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992)).

[33]*See Lewis*, 40 F.3d at 1335 (When the informant's role was nothing more than a mere tipster, "disclosure is required only in the exceptional case where it is vital to a fair trial.").

Suppress Evidence (Doc. 27), Motion to Suppress Identification (Doc. 28) and Motion to Compel Discovery Regarding Informant (Doc. 29) are DENIED.  Defendant's Motion for Discovery (Doc. 30) is GRANTED IN PART.

    IT IS SO ORDERED.

    Dated this 20th day of August 2007.

                                      S/ Julie A. Robinson
                                      Julie A. Robinson
                                      United States District Judge