**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-40031-JAR |
| | ) | |
| | ) | |
| DONNELL FRANCIS TIMLEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Donnell Timley's *pro se* Motion for

Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 70). For the reasons

explained in detail below, Defendant's motion is denied.

*Background*

Defendant entered into a conditional plea agreement in this matter on March 4, 2008,

pleading guilty to Count One of a two-count Indictment charging him with possession with

intent to distribute cocaine base. The Indictment alleges that the conduct occurred on or about

April 4, 2007. As part of the plea agreement, the Government agreed to recommend a sentence

at the low end of the applicable guideline range, and to file a Sentencing Information under 21

U.S.C. § 851 for one prior conviction. The Government filed this Sentencing Information in

accordance with the plea agreement.

The Presentence Investigation Report ("PSR") calculated Defendant's presumptive

guideline sentence based on relevant conduct that attributed to him 67.5 grams of cocaine base,

or crack cocaine, and 130.7 grams of marijuana. This relevant conduct set Defendant's base

offense level at 30.  After an adjustment of three points for his acceptance of responsibility, the

PSR calculated his offense level at 27.  With this offense level and a criminal history category of

V, Defendant's guideline range was 120 to 150 months.  However, under the statute in effect at

the time of his sentencing, Defendant was subject to a twenty-year mandatory minimum sentence

that far exceeded his guidelinee range.[1]  On June 9, 2008, the Court sentenced Defendant to 240

months' imprisonment.

### *Discussion*

Defendant asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2).  18 U.S.C.

§ 3582(c) allows a court to modify a sentence "in the case of a defendant who has been

sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission . . . consistent with applicable policy statements issued

by the Sentencing Commission."[2]  The policy statement to which § 3582(c) refers is § 1B1.10 of

the United States Sentencing Guidelines.  That section allows a court to reduce a term of

imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was

subsequently lowered by one of the specific amendments to the guidelines listed in § 1B1.10(c).[3]

Amendment 750 amended some of the guidelines pertaining to crack cocaine in an

attempt to remedy the disparity between sentences for offenses involving crack and powder

cocaine.  To the extent Defendant relies on Amendment 750, which is listed in those

amendments covered by U.S.S.G. § 1B1.10(c), his motion fails.  Section 1B1.10 provides that a

---

[1]*See* 21 U.S.C. § 841(b) (amended 2010).

[2]18 U.S.C. § 3582(c)(2).

[3]U.S.S.G. § 1B1.10(a)(1).

reduction in sentence is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range."[4]   Defendant's guideline range for incarceration increased from 120 months under the guidelines to 240 months under the statutory mandatory minimum sentence that applied to his offense.[5]   Moreover, under Amendment 750, base offense level 30 still applies to "At least 700 KG but less than 1,000 KG" of marijuana, which is the converted amount of drugs attributed to Defendant in calculating his base offense level.[6]  Thus, Defendant's applicable guideline range is not lowered by Amendment 750, and a reduction in sentence is not authorized.[7]

Defendant argues that the Fair Sentencing Act ("FSA"), passed in 2010, changed the mandatory minimum sentence that he would be subject to in this case based on a sentencing enhancement for a single prior conviction.  Under the FSA, Defendant urges his mandatory minimum would be ten years instead of twenty years.[8]  This argument also fails.  A sentence reduction under § 3582

> is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (I) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline <u>or statutory provision (e.g., a statutory mandatory</u>

---

[4]U.S.S.G. § 1B1.10(a)(2)(B).

[5]*See* U.S.S.G. § 5G1.1(b); 21 U.S.C. § 841(b)(1)(A) (amended Aug. 3, 2010).

[6]U.S.S.G. § 2D1.1.

[7]U.S.S.G. § 1B1.10(a)(2)(B).

[8]21 U.S.C. § 841(b)(1)(B) (effective Aug. 3, 2010).

minimum term of imprisonment).[9]

Modifying a sentence under § 3582 does not amount to a full resentencing; the Court does not have the authority to sentence Defendant below the statutory mandatory minimum sentence that applied at the time of sentencing.[10]  The more lenient penalties in the FSA apply to those whose offenses preceded August 3, 2010, the date the FSA passed, but who are sentenced after that date.[11]  The FSA "does not retroactively apply to defendants who were initially sentenced before the FSA's effective date of August 3, 2010."[12]  Here, Defendant's offense and sentencing took place before August 3, 2010.  The statutory mandatory minimum that applied to Defendant on June 9, 2008 when he was sentenced was twenty years and this Court is bound by this penalty. As such, Defendant's request for a sentence modification under the subsequently-passed FSA is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Donnell Timley's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 70) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Proceed in forma pauperis (Doc. 71) and Motion to Appoint Counsel (Doc. 72) are **moot**.

Dated: December 6, 2013

S/ Julie A. Robinson

---

[9]*Id.*, app. note 1(A) (emphasis added).

[10]*United States v. Lucero*, 713 F.3d 1024, 1027–28 (10th Cir. 2013).

[11]*Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012).

[12]*Lucero*, 713 F.3d at 1028; *see also Dorsey*, 132 S. Ct. at 2332.

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE