**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 07-40031-01-JAR** |
| ) | **No. 16-4018-JAR** |
| **DONNELL FRANCIS TIMLEY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Donnell Francis Timley's Motion under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.

86). The Government has responded (Doc. 95) and Petitioner has replied (Doc. 96). After a

careful review of the record and the arguments presented, the Court grants the Government's

motion to dismiss Petitioner's motion as untimely.

**I.      Procedural History and Background**

On March 4, 2008, Petitioner entered a guilty plea to one count of possession with the

intent to distribute approximately 74 grams of cocaine base, in violation of 21 U.S.C.

§ 841(a)(1).[1] Because the Government filed a sentencing information in accordance with 21

U.S.C. § 851 based on Petitioner's prior felony drug conviction, he faced a mandatory minimum

sentence of 20 years' imprisonment on Count 1 under 21 U.S.C. § 841(b)(1)(A) (2007).[2]

In anticipation of sentencing, the United States Probation Office prepared a Presentence

---

[1]Doc. 52.

[2]Doc. 54.

Investigation Report ("PSR"), using the 2007 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "Guidelines").  The PSR calculated Petitioner's base offense level as 30, pursuant to U.S.S.G. § 2D1.1(c)(5), subtracted three levels to reflect his acceptance of responsibility under § 3E1.1, arriving at a total offense level of 27.  This total offense level, combined with Petitioner's criminal history category of V, resulted in a Guidelines sentencing range of 120 to 150 months' imprisonment.  Because the Government had filed the § 851 information to enhance Petitioner's sentence based on his prior conviction, the PSR determined his Guidelines range was 240 months' imprisonment by operation of § 5G1.1(b).[3]

On June 9, 2008, this Court sentenced Petitioner to the mandated 240-month term.[4] Petitioner then directly appealed his conviction—but not his sentence—to the Tenth Circuit Court of Appeals, challenging this Court's denial of his motion to suppress evidence obtained during a search of his home; the court affirmed his conviction on July 30, 2009.[5]  Petitioner subsequently moved this Court for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act, which this Court denied.[6]  Petitioner appealed denial of that motion to the Tenth Circuit, which affirmed the Court's decision.[7]

Petitioner filed the instant motion on February 29, 2016.  The Government has responded, and moves for dismissal of the petition as untimely.  In the alternative, the

---

[3]*See* U.S.S.G. § 5G1.1(b) (2007) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

[4]Doc. 56.

[5]Doc. 65.  https://ecf.ksd.uscourts.gov/doc1/07912015537

[6]Doc. 70, 73.

[7]Doc. 83.

Government moves the Court to enforce the appeal waiver in the Plea Agreement.

## II.     Legal Standard

Because Petitioner's submissions were filed *pro se*, his pleadings must be construed liberally and not to the standard applied to an attorney's proceedings.[8]  If a *pro se* petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[9]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[10]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[11]

## III.    Discussion

The Government moves to dismiss Petitioner's motion as untimely.  There is no dispute that Petitioner filed his motion well outside the one-year statute of limitations for petitions under § 2255.[12]  Nor does the equitable tolling doctrine provide any relief for Petitioner.  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"[13]  Petitioner provides no evidence that he diligently pursued his rights after his conviction became final on October 30, 2010, but before he filed the instant motion on February 29, 2016.  Nor does

---

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]*Id.*

[10]*Id.*

[11]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[12]*See* 28 U.S.C. § 2255(f).

[13]*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005)).

he identify any extraordinary circumstance that stood in his way to prevent timely filing.  His claim of ineffective assistance of counsel cannot suffice as extraordinary because Petitioner could have brought this claim within the limitations period and does not claim that counsel's ineffectiveness was the circumstance that prevented him from timely filing.

Instead, Petitioner responds that his motion should be considered because of his actual innocence pursuant to *McQuiggin v. Perkins*.[14]  In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."[15]  The Court warned that the scope of this exception is very narrow:

> We caution, however, that tenable actual-innocence gateway pleas are rare: "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup* [*v. Delo*], 513 U.S. [298, 329 (1995)]; *see House* [*v. Bell*], 547 U.S. [518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met).[16]

The Court noted that such a showing allowed for an equitable, "miscarriage of justice" exception to the statute of limitations, and not an extension of the time in which to file.[17]  The Court defined the exception as "a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner."[18]

---

[14] 133 S. Ct. 1924 (2013).

[15] *Id.* at 1928.

[16] *Id.*

[17] *Id.* at 1931–32.

[18] *Id.* at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 332 (1995)).

4

Although a lack of due diligence by the petitioner in seeking relief is not an absolute bar to relief, it may be relevant for a court to consider; "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."[19] "[A] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence."[20]  The Court stressed that "the *Schlup* standard is demanding.  The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."[21]

The Court concludes that Petitioner has not met the demanding standard for the actual-innocence exception to the statute of limitations.  First, Petitioner does not assert or allege facts that he is innocent of the crime for which he was convicted, either in this case or in his prior conviction, No. 02-CR-40015-001.  Instead, he claims actual innocence as to his sentence, as enhanced under 21 U.S.C. § 851.  *McQuiggin*, however, only applies to a defendant who is actually innocent of his crime of conviction, and "only when the petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."[22]  As the Court explained, "[t]he miscarriage of justice exception, we underscore, applies to a severely confined

---

[19]*Id.* at 1935.

[20]*See id.* (quoting *Schlup*, 513 U.S. at 332).

[21]*Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316).

[22]*Id.*

category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[23]  Thus, because Petitioner challenges his sentence and not his conviction, *McQuiggin* provides no basis for the Court to excuse his failure to comply with the one-year statute of limitation.[24]

Second, even if *McQuiggin* applied to sentencing, Petitioner's delay in asserting his claim weighs against a finding of actual innocence here.  In *McQuiggin*, the Supreme Court held that although diligence by the petitioner is not an absolute prerequisite for relief under the actual-innocence exception, a lack of diligence or an unexplained delay may be a factor weighing against a finding of actual innocence.[25]  In this case, the fact that Petitioner waited over five years to assert facts already in his possession regarding the prior drug conviction that was the subject of the § 851 enhancement undermines the reliability of his claim of actual innocence. Thus, the Court concludes that this is not the rare case suitable for the actual-innocence exception to the statute of limitations.

Finally, even if Petitioner's motion was timely, it would be subject to dismissal because in his Plea Agreement, Petitioner waived the right to bring the instant collateral attacks on his sentence.  In the Plea Agreement, Petitioner stated that he "knowingly and voluntarily waives any right to appeal or collaterally attack (with the exception of the suppression matters previously referenced in paragraph 1 and reserved thereby) any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed

---

[23]*Id.* at 1933 (quoting *Schlup,* 513 U.S. at 329).

[24]*See United States v. Jones*, 758 F.3d 579, 586 (4th Cir. 2014) (declining to extend *McQuiggen* to cases where movant asserts actual innocence of his sentence, rather than his crime of conviction) (collecting cases).

[25]*See id.* at 1935.

herein[.]"[26]  He further stated that, in the event this Court imposed a sentence "within the guideline range determined appropriate by the court," he also "waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255."[27]  This Court imposed a sentence of 240 months' imprisonment, which was within the Guidelines range,[28] and the Government is entitled to enforcement of this waiver.

In evaluating a motion to enforce an appeal waiver provision in a plea agreement, courts consider: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[29]  In this case, Petitioner's collateral attack falls within the scope of the appellate waiver provision in the Plea Agreement. All of Petitioner's claims challenge the substance of, or proceedings that determined, his original sentence, and are thus collateral attacks.[30]  Accordingly, Petitioner's claims fall within the scope of the waiver because they are collateral attacks on his sentence.

Moreover, Petitioner knowingly and voluntarily entered his plea and waived his appellate

---

[26]Doc. 52, Plea Agreement ¶ 11.

[27]*Id.*

[28]Statement of Reasons at 1, § III§; Doc. 56, Judgment at 2.

[29]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curriam).

[30]*See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.  These are extraordinary remedies that complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction.").

rights.[31]  In this case, the Plea Agreement states that Petitioner "knowingly and voluntarily waives any right to . . . collaterally attack . . . any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein."[32]  Petitioner further "acknowledge[d] that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress, or coercion."[33]  Petitioner also affirmed that he "is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily."[34]  Further, after engaging in a Rule 11 plea colloquy with Petitioner, this Court accepted his guilty plea.  Specifically, during the change of plea hearing, Petitioner acknowledged that he entered into the Plea Agreement voluntarily and of his own free will.  At the plea hearing, the Court advised Petitioner that he was waiving his right to collaterally attack anything to do with the prosecution, conviction, or sentence, with the exception that he could appeal from the Court's ruling denying his motion to suppress, and Petitioner indicated that he understood.

Nor would enforcement of the waiver result in a miscarriage of justice, which occurs "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise

---

[31]*Hahn*, 359 F.3d at 1325 (noting that court first examines "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and second, whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy").

[32]Doc. 52, Plea Agreement ¶ 11.

[33]*Id.* ¶ 16.

[34]*Id.*

unlawful."[35]  To satisfy the last factor under *Hahn*, the alleged error must "seriously affect the fairness, integrity or public reputation of judicial proceedings."[36]  "This 'list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above.'"[37]  The defendant has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice.[38]

The Court agrees with the Government that there was no miscarriage of justice in this case.  There is no evidence that this Court relied on an impermissible factor such as Petitioner's race, or that his counsel was ineffective in negotiating the waiver.  Petitioner's sentence of 240 months' imprisonment on Count 1 did not exceed the statutory maximum term of life imprisonment.[39]  The record does not reveal error that seriously affected the fairness, integrity or public reputation of the judicial proceedings.  Nor does Petitioner's allegation of an illegal sentence help his claim; in determining "what must be 'unlawful' for a waiver to result in a miscarriage of justice," the "inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."[40]  Accordingly, dismissal of Petitioner's claims is also justified on this alternative ground.

## IV.    Certificate of Appealability

---

[35]*Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)) (footnote omitted).

[36]*Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

[37]*United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (quoting *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008)).

[38]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[39]*See* PSR ¶ 80 (stating maximum term of imprisonment on Count 1 was life, pursuant to 21 U.S.C. § 841(b)(1)(A)).

[40]*United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007).

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[41] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[42] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[43] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[44] For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Donnell Francis Timley's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 86) is DISMISSED as untimely. The Court also denies Petitioner a COA.

---

[41] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[42] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[43] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[44] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

**IT IS SO ORDERED.**

Dated: November 28, 2016

                                                   S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE